1  Jennifer S. Romano (State Bar No. 195953)
   JRomano@crowell.com
2  CROWELL & MORING LLP
   515 South Flower St., 40th Floor
3  Los Angeles, CA  90071
   Telephone:  213.622.4750
4  Facsimile:  213.622.2690

5  Kristin J. Madigan (State Bar No. 233436)
   KMadigan@crowell.com
6  Kimberley M. Johnson (State Bar No. 317757)
   KJohnson@crowell.com
7  CROWELL & MORING LLP
   3 Embarcadero Center, 26th Floor
8  San Francisco, CA  94111
   Telephone:  415.986.2800
9  Facsimile:  415.986.2827

10 Attorneys for Defendants
   UNITED BEHAVIORAL HEALTH
11 and UNITED HEALTHCARE SERVICES, INC.

12

                    UNITED STATES DISTRICT COURT
13
                  NORTHERN DISTRICT OF CALIFORNIA
14
                         OAKLAND DIVISION
15

16

17 | JANE DOE, as the representative of her minor son, and on behalf of all others similarly situated, | Case No. 4:19-CV-07316-YGR |

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

                    Plaintiff,

              v.

UNITED BEHAVIORAL HEALTH and
UNITED HEALTHCARE SERVICES,
INC.,

                    Defendants.

**CLASS ACTION**

Date:     Tuesday, March 10, 2020
Time:     2:00 p.m.
Judge:    Yvonne Gonzalez Rogers

Crowell
& Moring LLP
ATTORNEYS AT LAW

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES, COUNSEL OF RECORD, AND THE COURT:

PLEASE TAKE NOTICE that on March 10, 2020 at 2:00 p.m., or as soon thereafter as the matter may be heard in the above-entitled Court, located at the Oakland Courthouse, Courtroom 1, Fourth Floor, 1301 Clay Street, Oakland, California, 94612, Defendants United Behavioral Health ("UBH") and United HealthCare Services, Inc. ("UHS"; collectively, "Defendants") will and hereby do move the Court to dismiss Plaintiff's Complaint.

This motion is based on Federal Rule of Civil Procedure 12(b)(6), and on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently-filed Declaration of Jennifer S. Romano, all pleadings on file in this matter, and other matters as may be presented to the Court at the time of the hearing or otherwise.

## ISSUES TO BE DECIDED (CIV. L.R. 7-4(a)(3))

Whether Plaintiff's Complaint should be dismissed because:

1.      Plaintiff has failed to state Count I under the Employee Retirement Income Security Act of 1974 ("ERISA"), premised on violation of the Mental Health Parity and Addiction Equity Act ("Parity Act"), because she failed to allege facts to support a breach of fiduciary duty under ERISA by UBH.

2.      Plaintiff has failed to state Count IV under ERISA premised on a violation of the Parity Act because she failed to allege facts to support a breach of fiduciary duty under ERISA by UHS.

3.      Plaintiff has failed to state Counts II and III for injunctive or other equitable relief under ERISA, 29 U.S.C. § 1132(a)(3), because Plaintiff has not pled a predicate violation of ERISA.

4.      Plaintiff has failed to state facts and legal theories to support a prayer for relief for reprocessing (Prayer for Relief ¶ E) under Counts II, III and IV because reprocessing is not an available remedy under ERISA, 29 U.S.C. § 1132(a)(3).

5.      Plaintiff lacks standing to seek prospective injunction (Prayer for Relief ¶ D) under all Counts because the challenged plan exclusion is no longer in the operative ERISA plan.

1

Dated:  January 30, 2020                    CROWELL & MORING LLP

2

3                                                         By:                /s/ Jennifer S. Romano

4                                                                      Jennifer S. Romano
                                                                         Kristin J. Madigan
                                                                       Kimberley M. Johnson
5                                                                      Attorneys for Defendants
                                                           UNITED BEHAVIORAL HEALTH and UNITED
6                                                               HEALTHCARE SERVICES, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    -2-         DEFENDANTS UBH AND UHS MOTION TO DISMISS
                                                     COMPLAINT; CASE NO. 4:19-CV-07316-YGR

# <u>TABLE OF CONTENTS</u>

**Page(s)**

I.     INTRODUCTION ................................................................................................ 3

II.    FACTUAL BACKGROUND .............................................................................. 5

    A.   Plaintiff's Son Is A Beneficiary of The Wipro Limited Heath Benefit Plan .......... 5

    B.   UHS Serves As The Third Party Claims Administrator For The Wipro Plan; UBH Administers The Behavioral Health Claims ........................................ 6

    C.   The Wipro Plan Terms Excluded Coverage For Intensive Behavioral Therapies, Including Applied Behavior Analysis Autism Treatment, Up To January 1, 2020 ....................................................................................... 6

    D.   Plaintiff Seeks To Bring Claims For Breach Of Fiduciary Duty Against UBH And UHS Under ERISA Based On Application Of The Plan Term Excluding Coverage For IBT ........................................................................ 8

III.   LEGAL STANDARD ......................................................................................... 9

IV.    ARGUMENT ...................................................................................................... 10

    A.   Plaintiff's Breach Of Fiduciary Duty Claims Against UBH (Count I) And UHS (Count IV) Should Be Dismissed Because UBH And UHS Were Not Acting In A Fiduciary Capacity When UBH Applied The Unambiguous IBT Exclusion In The Wipro Plan ......................................................... 10

        1.   Plaintiff Was Required To Plead Facts Showing That Defendants Exercised Discretionary Authority Or Control Over Processing The Claims Under The Wipro Plan ................................................ 10

        2.   Neither UBH Nor UHS Exercised Discretionary Authority Or Control Over Processing Plaintiff's Request For Coverage Under The IBT Exclusion In The Wipro Plan ........................................ 12

    B.   Counts II and III (Plaintiff's Equitable Claims) Should Be Dismissed Because Plaintiff States No Predicate Violation of ERISA ......................... 14

    C.   The Complaint Fails To Allege Facts Or Grounds To Support A Prayer For Reprocessing Remedies Under Counts II, III And IV, Or Prospective Injunctive Relief As To All Counts ............................................................ 15

        1.   ERISA Does Not Support Plaintiff's Prayer For Reprocessing As To Counts II, III And IV .............................................................. 15

        2.   Plaintiff Lacks Standing To Pursue Her Prayer For Prospective Injunctive Relief .................................................................... 16

V.     CONCLUSION ................................................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009)........................................................................................9

*Backhaut v. Apple, Inc.,*
   2015 WL4776427 (N.D. Cal. Aug. 13, 2015)........................................................16

*Beverly Oaks Physicians Surgical Ctr., LLC v. Blue Cross Blue Shield of Illinois,*
   No. CV 18-3866-RSWL-JPR, 2019 WL 954780 (C.D. Cal. Feb. 27, 2019)..................5

*Cent. Valley Ag Coop. v. Leonard,*
   400 F. Supp. 3d 819, 833 (D. Neb. 2019) ...........................................................11

*Chorosevic v. MetLife Choices,*
   No. 4:05-CV-2394 CAS, 2009 WL 723357 (E.D. Mo. Mar. 17, 2009), *aff'd,*
   600 F.3d 934 (8th Cir. 2010)............................................................................15

*Cotton v. Massachusetts Mut. Life Ins. Co.,*
   402 F.3d 1267 (11th Cir. 2005) .......................................................................10

*Craft v. Health Care Serv. Corp.,*
   No. 14 C 5853, 2016 WL 1270433 (N.D. Ill. Mar. 31, 2016) ............................15, 16

*Cyr v. Reliance Standard Life Ins. Co.,*
   642 F.3d 1202 (9th Cir. 2011) (en banc)...........................................................13

*Davis v. HSBC Bank Nevada, N.A.,*
   691 F.3d 1152 (9th Cir. 2012)...........................................................................9

*Depot, Inc. v. Caring for Montanans, Inc.,*
   915 F.3d 643 (9th Cir.)....................................................................................11

*Des Roches v. Cal. Physicians Serv.,*
   320 F.R.D. 486 (N.D. Cal. 2017) .....................................................................16

*Easter v. Cayuga Med. Ctr. at Ithaca Prepaid Health Plan,*
   217 F. Supp. 3d 608 (N.D.N.Y. 2016) ..............................................................13

*Fairview Health Servs. v. Ellerbe Becket Co. Employee Med. Plan,*
   No. CIV.06-2585 (MJDAJB), 2007 WL 978089 (D. Minn. Mar. 28, 2007)................15

*Fifth Third Bancorp v. Dudenhoeffer,*
   573 U.S. 409 (2014).........................................................................................9

*Gelardi v. Pertec Computer Corp.*,
    761 F.2d 1323 (9th Cir. 1985).........................................................................11, 12, 13

*Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.*,
    530 U.S. 238 (2000) ................................................................................................14

*Hynix Semiconductor Inc. v. Rambus Inc.*,
    609 F. Supp. 2d 951 (N.D. Cal. 2009) ...............................................................16, 17

*In re JDS Uniphase Corp. Erisa Litig.*,
    No. C 03-04743 CW (WWS), 2005 WL 1662131 (N.D. Cal. July 14, 2005) ...................10, 14

*In re JPMorgan Chase & Co. Erisa Litig.*,
    No. 12 CIV. 04027 (GBD), 2016 WL 110521 (S.D.N.Y. Jan. 8, 2016)......................14

*Johnston v. Paul Revere Life Ins. Co.*,
    241 F.3d 623, 632 (8th Cir. 2001).........................................................................11

*Korman v. ILWU-PMA Claims Office*,
    No. 2:18-CV-07516-SVW-JPR, 2019 WL 1324021 (C.D. Cal. Mar. 19, 2019).......................5

*Kyle Railways, Inc. v. Pac. Admin. Servs., Inc.*,
    990 F.2d 513 (9th Cir. 1993)..................................................................................12

*Munoz v. Prudential Ins. Co. of Am.*,
    633 F. Supp. 564 (D. Colo. 1986) ..........................................................................12

*O'Shea v. Littleton*,
    414 U.S. 488 (1974)..................................................................................................16

*Pannebecker v. Liberty Life Assurance Co. of Bos.*,
    542 F.3d 1213 (9th Cir. 2008).................................................................................15

*Parrino v. FHP, Inc.*,
    146 F.3d 699 (9th Cir. 1998)..............................................................................9, 10

*Pegram v. Herdich*,
    530 U.S. 211 (2000) ..........................................................................................10, 11

*In re Reliant Energy ERISA Litig.*,
    336 F. Supp. 2d 646 (S.D. Tex. 2004) ....................................................................14

*Scharff v. Raytheon Co. Short Term Disability Plan*,
    No. EDCV07-134-PSG(OPX), 2007 WL 2947566 (C.D. Cal. June 22, 2007),
    *aff'd*, 581 F.3d 899 (9th Cir. 2009) .........................................................................5

*Smith v. Univ. of S. California*,
    No. LA CV18-06111-JAK, 2019 WL 988681 (C.D. Cal. Jan. 22, 2019)................................12

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-iii-

DEFENDANTS UBH AND UHS MOTION TO DISMISS
COMPLAINT; CASE NO. 4:19-CV-07316-YGR

*Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.*,
    770 F.3d 1282 (9th Cir. 2014)................................................................................13

*Vizcaino v. Microsoft Corp.*,
    120 F.3d 1006 (9th Cir. 1997).................................................................................15

**Statutes**

29 U.S.C. § 1102(a) ..................................................................................................12

29 U.S.C. §1132(a)(1)(B) ................................................................................. *passim*

29 U.S.C. § 1132(a)(3).................................................................................... *passim*

29 U.S.C. §1132(a)(3)(A) ...........................................................................................4

29 U.S.C. §1132 (a)(3)(B) ..........................................................................................8

Employee Retirement Income Act of 1974, 29 U.S.C. § 1001 et seq............................3

**Other Authorities**

29 C.F.R. § 2509.75-8, D-2 .......................................................................................11

Fed. R. Civ. P. 9(c)......................................................................................................9

Fed. R. Civ. P. 12(b)(6)...........................................................................................3, 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants United Behavioral Health ("UBH") and United HealthCare Services, Inc.
("UHS"; collectively, "Defendants") move this Court for entry of an Order dismissing Plaintiff's
Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim
upon which relief may be granted.

Plaintiff's causes of action—all of which relate to an employer-sponsored self-funded
group health plan and a specific benefits exclusion that is no longer in effect as of January 1,
2020—fail at the pleading stage and should be dismissed.

## I. INTRODUCTION

Plaintiff brings this suit under the Employee Retirement Income Act of 1974, 29 U.S.C.
§ 1001 et seq. ("ERISA") because her minor son was denied coverage for intensive behavioral
treatment ("IBT") under his health benefit plan that is sponsored and funded by his father's
employer, Wipro Limited.  The Wipro Limited Health Benefit Plan ("Wipro Plan") is a self-
funded employee benefit plan governed by ERISA, and it covers behavioral health services.  Prior
to January 2020, the Wipro Plan contained an explicit exclusion from coverage for IBT.  Plaintiff
alleges that the IBT exclusion in the Wipro Plan violated the Mental Health Parity and Addiction
Equity Act ("Parity Act"), which provides for behavioral health conditions to be treated in parity
with medical/surgical conditions in health benefit plans.

Rather than suing Wipro or the Wipro Plan—the actual parties responsible for
determining plan terms—for allegedly violating the Parity Act, Plaintiff chose to sue third party
claims administrators UBH and UHS on the ground that they followed the Wipro Plan terms and
denied Plaintiff's request for coverage for IBT based on the specific exclusion in the Wipro Plan.
Plaintiff alleges that UBH's act in applying the Wipro Plan terms to process Plaintiff's benefit
claim was a breach of fiduciary duty.  Further, Plaintiff alleges that although UHS took no action
with respect to behavioral health benefits, UHS nevertheless also breached a fiduciary duty by not
intervening and prohibiting UBH from applying the Wipro Plan terms.  Based on this alleged
conduct, Plaintiff alleges four separate counts under ERISA—three against UBH (Counts I, II,
and III) and one against UHS (Count IV), each of which is premised on the allegation that UBH

1    and UHS breached a fiduciary duty owed to Plaintiff's son.

2         Plaintiff's own factual allegations require dismissal of her claims.  UBH's act of denying

3    coverage for IBT based on the unambiguous exclusion in the Wipro Plan was not a fiduciary act

4    and cannot give rise to a claim for breach of fiduciary duty under ERISA.  Neither UBH nor UHS

5    exercised any discretionary authority with respect to whether or how to apply the Wipro Plan

6    terms to Plaintiff's coverage request for IBT, and Plaintiff does not allege otherwise.  As claims

7    administrators, UHS took no action with respect to the claim at issue, and UBH processed the

8    claim based on the plan terms as stated without discretionary authority or control.  Such conduct

9    does not give rise to Plaintiff's claims under ERISA.

10        More specifically, Count I against UBH for breach of fiduciary duty under 29 U.S.C.

11   §1132(a)(1)(B) and Count IV against UHS for breach of fiduciary duty under 29 U.S.C.

12   §1132(a)(3)(A) and (B) should be dismissed for failure to state a claim.  The Complaint fails to

13   allege any facts demonstrating that UBH or UHS breached a fiduciary duty by applying the

14   unambiguous Wipro Plan terms.  Wipro determined the Plan terms, including the IBT exclusion.

15   UBH's processing of the request for coverage based on the exclusion was a ministerial act—not a

16   fiduciary one.  In addition, with respect to UHS, the Complaint fails to allege facts demonstrating

17   that UHS engage in any act (fiduciary or otherwise) with respect to behavioral health benefits for

18   Plaintiff.  Because Plaintiff has not pled a breach of a fiduciary duty by UBH or UHS with respect

19   to Plaintiff's request for IBT, Plaintiff's Count I and Count IV fail as a matter of law.

20        Second, Counts II and III against UBH for equitable relief under 29 U.S.C. § 1132(a)(3)

21   should be dismissed because Plaintiff has not pled an actionable underlying predicate violation of

22   ERISA.  Since Plaintiff brings Counts II and III to seek equitable relief solely for the purported

23   wrongs set forth in Count I, Counts II and III cannot stand on their own once Count I is dismissed

24   for failure to state a claim.

25        Third, Plaintiff failed to state facts or legal theories to support her prayer for relief for

26   reprocessing of a denied request for preauthorization (Prayer for Relief ¶ E) as to Counts II, III

27   and IV, and a prospective injunction (Prayer for Relief ¶ D) as to all Counts.  Reprocessing is not

28   an available remedy under 29 U.S.C. § 1132(a)(3).  Because Counts II, III and IV allege

violations under that ERISA provision, Plaintiff cannot seek reprocessing for those Counts. Further, prospective injunctive relief is not available to Plaintiff since the current Wipro Plan no longer includes the challenged exclusion of IBT services.  If Plaintiff contends that her son still requires IBT services, she can seek coverage for those services under the current Wipro Plan.

## II.      FACTUAL BACKGROUND

### A.      Plaintiff's Son Is A Beneficiary of The Wipro Limited Heath Benefit Plan.

Plaintiff brings this suit on behalf of her son, John Doe, who she alleges is a beneficiary of the Wipro Plan.  Compl. ¶ 6.  The Wipro Plan is a self-funded health benefit plan created by Wipro for its employees.  Compl. ¶ 6.  John Doe's father is an employee of Wipro.  Compl. ¶ 6.

Wipro serves as the Sponsor and Plan Administrator[1] of the Wipro Plan.[2]  Declaration of Linda A. Warner in Support of Defendants' Motion to Dismiss Plaintiff's Complaint ("Warner Decl.") Ex. A at 126; Ex. B at 127; Ex. C at 126; Ex. D at 131.  As such, Wipro was and is solely was responsible for deciding the terms of its Plan and for funding the Plan and benefits thereunder.  Warner Decl. Ex. A at 2; Ex. B at 2; Ex. C at 1; Ex. D at 1.  The Wipro Plan terms are summarized in the Summary Plan Description ("SPD"), which is a binding plan document that is referenced in the Complaint.  Compl. ¶ 26.  The Wipro Plan is governed under ERISA. Compl. ¶ 6.

---

[1] The SPD defines "Plan Administrator" as "Wipro Limited or its designee" and "Plan Sponsor" as "Wipro Limited."  Warner Decl. Ex. A at 126; Ex. B at 127; Ex. C at 126; Ex. D at 131.

[2] On a motion to dismiss, the Court may properly consider the terms of Plaintiff's Plan, which is referred to, summarized in, and forms the basis of, Plaintiff's claims.  *Korman v. ILWU-PMA Claims Office*, No. 2:18-CV-07516-SVW-JPR, 2019 WL 1324021, at *5 (C.D. Cal. Mar. 19, 2019); *Scharff v. Raytheon Co. Short Term Disability Plan*, No. EDCV07-134-PSG(OPX), 2007 WL 2947566, at *4 (C.D. Cal. June 22, 2007), *aff'd*, 581 F.3d 899 (9th Cir. 2009).  Here, the terms of Plaintiff's self-funded benefit plan consisted of a 2017-2020 Summary Plan Description ("SPD").  *See Beverly Oaks Physicians Surgical Ctr., LLC v. Blue Cross Blue Shield of Illinois*, No. CV 18-3866-RSWL-JPR, 2019 WL 954780, at *4 (C.D. Cal. Feb. 27, 2019) (explaining that an SPD can itself constitute the formal terms of a plan, and construing an SPD as the formal plan document for the purpose of a motion to dismiss in the absence of any evidence of contrary plan terms).

**B.      UHS Serves As The Third Party Claims Administrator For The Wipro Plan; UBH Administers The Behavioral Health Claims.**

UHS is a third party administrator for health benefit plans that employers create and self-fund.  Compl. ¶ 7.  UHS serves as the claims administrator for the Wipro Plan and other self-funded plans.  Compl. ¶ 7.  As set forth in the Complaint and Wipro Plan, the role of UHS is limited to "Claims Administrator" to decide whether the treatment is covered under the Plan and how the expenses will be determined and covered under the Plan.  Compl. ¶ 19; Warner Decl. Ex. A at 2; Ex. B at 2; Ex. C at 1; Ex. D at 1.  According to the Complaint, UHS delegated to UBH responsibility for making benefit determinations for behavioral health to defendant UBH.  Compl. ¶ 20.

Wipro is solely responsible for paying benefits described in the SPD.  Warner Decl. Ex. A at 2; Ex. B at 2; Ex. C at 1; Ex. D at 1.  Similarly, Wipro alone retains the right to modify, change, revise, amend or terminate the Wipro Plan at any time, for any reason, and without prior notice.  Warner Decl. Ex. A at 2; Ex. B at 2; Ex. C at 1; Ex. D at 1.

**C.      The Wipro Plan Terms Excluded Coverage For Intensive Behavioral Therapies, Including Applied Behavior Analysis Autism Treatment, Up To January 1, 2020**

As set forth in the SPD effective January 1, 2017, the Wipro Plan included coverage for behavioral health treatment, including autism, but excluded coverage for Intensive Behavioral Therapies ("IBT"), including Applied Behavior Analysis ("ABA") autism treatment.

For the period of January 1, 2017, through January 1, 2020, the Plan provided coverage for autism treatment as set forth in the following excerpt from the SPD:

**Neurobiological Disorders - Autism Spectrum Disorder Services**

The Plan pays Benefits for psychiatric services for Autism Spectrum Disorder (otherwise known as neurodevelopmental disorders) that are both of the following:

•        Provided by or under the direction of an experienced psychiatrist and/or an experienced licensed psychiatric provider.

•        Focused on treating maladaptive/stereotypic behaviors that are posing danger to self, others and property and impairment in daily functioning.

These Benefits describe only the psychiatric component of treatment for Autism Spectrum Disorder.  Medical treatment of Autism Spectrum Disorder is a Covered

Health Service for which Benefits are available under the applicable medical Covered Health Services categories as described in this section.

Benefits include the following levels of care:

- Inpatient treatment.
- Residential Treatment.
- Partial Hospitalization/Day Treatment.
- Intensive Outpatient Treatment.
- Outpatient treatment.

Services include the following:

- Diagnostic evaluations, assessment and treatment planning.
- Treatment and/or procedures.
- Medication management and other associated treatments.
- Individual, family and group therapy.
- Provider-based case management services.
- Intensive Outpatient Treatment.

The Mental Health/Substance-Related and Addictive Disorders Administrator provides administrative services for the inpatient treatment.

You are encouraged to contact the Mental Health/Substance-Related and Addictive Disorders Administrator for referrals to providers and coordination of care.

Warner Decl. Ex. A at 44-45; Ex. B at 44-45; Ex. C at 44.

Separately, the Summary Plan Description effective January 1, 2017, stated that "Intensive Behavioral Therapies such as Applied Behavioral Analysis for Autism Spectrum Disorders" are among Plan exclusions for mental health and substance use disorders and will not be covered. Warner Decl. Ex. A at 73-74, No. 8. See also Ex. B at 73-74, No. 7; Ex. C at 72-73, No. 7.

Beginning in January 1, 2020, the Plan removed the challenged exclusion for IBT, including ABA treatment for autism. Warner Decl. Ex. D at 45. There is no exclusion for IBT services in the current Wipro Plan.[3]

---

[3] Plaintiff alleges that UHS's and UBH's parent, UnitedHealth Group, announced in 2016 that it would include ABA coverage in all of its fully insured health benefit plans. Compl. ¶ 13. In addition, according to Plaintiff, UBH has had a clinical policy stating that ABA is a "proven treatment of autism spectrum disorder", and as such, UBH regularly approves ABA coverage for plans it administers. See Compl. ¶ 16. These allegations underscore the fact that UHS and UBH did not choose the Wipro Plan terms and did not exercise control or authority over the IBT exclusion in the Wipro Plan.

**D.     Plaintiff Seeks To Bring Claims For Breach Of Fiduciary Duty Against UBH And UHS Under ERISA Based On Application Of The Plan Term Excluding Coverage For IBT.**

The Complaint alleges that John Doe has been diagnosed with Autism Spectrum Disorder ("autism").  Compl. ¶ 1.  The Complaint further alleges that his mother Jane Doe sought preauthorization and was denied coverage for ABA treatment for her son under the Wipro Plan. Compl. ¶¶ 37-47.  According to the Complaint, when Plaintiff sought preauthorization for coverage under the Wipro Plan for ABA treatment for John Doe in 2019, the request for coverage was denied based on the Wipro Plan exclusion for IBT.  Compl. ¶¶ 4, 37-47.  Plaintiff alleges that as a result, John Doe has not received ABA treatment.  Compl. ¶ 49.  Thus, Plaintiff has never paid out of pocket for any ABA treatment for John Doe.

The Complaint alleges that UBH's denial of preauthorization for ABA treatment in 2019 was a breach of fiduciary duty under ERISA on the theory that the IBT exclusion in the Plan that led to the denial is a separate treatment limitation that applies only to behavioral health services and is therefore in violation of the Parity Act.  Compl. ¶¶ 26-32.  The Complaint does not allege any other purported wrongdoing by UBH.

As to UHS, the Complaint alleges that UHS knowingly participated in the application of the IBT exclusion at issue by virtue of its role as a Claims Administrator of the Plan that delegated responsibilities to UBH, but Plaintiff alleges no specific acts by UHS.  Compl. ¶¶ 7-9, 19-22.  Instead, the Complaint only states that UHS "knew, or in the exercise of due care, should have known, that Defendant UBH was applying and enforcing" the IBT exclusion in the Wipro Plan, and "[b]y failing to make reasonable efforts to prevent or remedy its co-fiduciary's breaches, UHS breached its own fiduciary duties to Plaintiff's son and members of the class." Compl. ¶ 74.

The Complaint purports to bring the following four individual and class claims under ERISA:  (1) breach of fiduciary duty under 29 U.S.C. §1132 (a)(1)(B) against UBH only; (2) injunctive relief under 29 U.S.C. §1132 (a)(3) against UBH only, only to the extent the Court finds the injunctive relief available under 29 U.S.C. §1132 (a)(1)(B) to be inadequate; (3) equitable relief under 29 U.S.C. §1132 (a)(3)(B) against UBH only, only to the extent the

Court finds the equitable relief available under 29 U.S.C. §1132 (a)(1)(B) to be inadequate; and (4) breach of fiduciary duty under 29 U.S.C. §1132 (a)(1)(B) against UHS only for purportedly failing to take action to prevent UBH from breaching fiduciary duties to Plaintiff.

As pled, the putative class is defined as:

> All participants or beneficiaries in self-funded ERISA plans administered by United Healthcare Services, Inc. and United Behavioral Health that contain an exclusion of coverage for Intensive Behavioral Therapies applicable solely to mental health or substance use disorder services (including Applied Behavioral Analysis for Autism Spectrum Disorder), whose requests for coverage for Intensive Behavioral Therapy were denied by UBH based on such exclusion.

Compl. ¶ 52.

## III.   LEGAL STANDARD

The Supreme Court has emphasized that courts have an obligation to scrutinize ERISA class actions at the pleading stage, where the motion to dismiss for failure to state a claim is an "important mechanism for weeding out meritless claims." *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014). The court must engage in a "careful, context-sensitive scrutiny of a complaint's allegations" to ensure that, prior to engaging in costly discovery, the complaint properly states a claim for relief. *Id.*

A complaint should be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). Although in considering a motion to dismiss the Court must accept the facts alleged as true, mere "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to state a claim. *Id.* at 678 (internal quotations and citation omitted).

When a pleading is accompanied by attached documents or references certain documents, as it does here, the documents are deemed part of the pleading and may be considered in evaluation of the merits of a Rule 12(b)(6) motion. Fed. R. Civ. P. 9(c); *see generally Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152 (9th Cir. 2012). Further, documents central to a plaintiff's claims are also properly considered by the court. *Parrino v. FHP, Inc.*, 146 F.3d 699,

706 (9th Cir. 1998) ("a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies"), *superseded on other grounds by statute as stated in Steinle v. City & Cty. of San Francisco*, 919 F.3d 1154, 1167 n.17 (9th Cir. 2019).

IV.   **ARGUMENT**

    **A.**    **Plaintiff's Breach Of Fiduciary Duty Claims Against UBH (Count I) And UHS (Count IV) Should Be Dismissed Because UBH And UHS Were Not Acting In A Fiduciary Capacity When UBH Applied The Unambiguous IBT Exclusion In The Wipro Plan.**

    Plaintiff's Counts I and IV against UBH and UHS, respectively, should be dismissed because Plaintiff failed to plead the facts necessary to state a claim for breach of fiduciary duty against UBH under ERISA, 29 U.S.C. § 1132(a)(1)(B) and against UHS under ERISA, 29 U.S.C. § 1132(a)(3). Because UBH and UHS exercised no discretionary authority or control when UBH denied Plaintiff's request for coverage based on an express exclusion in the Wipro Plan, they were not acting in a fiduciary capacity with respect to the challenged practices in this case.

        **1.**    **Plaintiff Was Required To Plead Facts Showing That Defendants Exercised Discretionary Authority Or Control Over Processing The Claims Under The Wipro Plan.**

    To state a claim for a breach of fiduciary duty under ERISA, Plaintiff was required to allege sufficient facts to show UBH and UHS were acting in a fiduciary capacity with respect to processing Plaintiff's request for coverage and applying the IBT exclusion under the Wipro Plan. She has not done so.

    "Fiduciary status under ERISA is not an 'all-or-nothing concept,' and 'a court must ask whether a person is a fiduciary *with respect to the particular activity at issue*.'" *In re JDS Uniphase Corp. Erisa Litig.*, No. C 03-04743 CW (WWS), 2005 WL 1662131, at *2 (N.D. Cal. July 14, 2005) (emphasis in original) (citation omitted) (dismissing claims for fiduciary and co-fiduciary liability for failure to sufficiently allege fiduciary status). "[T]he threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to the complaint." *Pegram v.*

1   *Herdich*, 530 U.S. 211, 226 (2000).  Accordingly, courts recognize that a party may be a fiduciary

2   for certain discretionary conduct, but not for other non-discretionary conduct alleged to violate

3   ERISA.  *See, e.g.*, *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1277-80 (11th Cir.

4   2005) (holding that plaintiffs failed to establish defendant insurer was a fiduciary "for any

5   purpose that is relevant to the misconduct they allege").  Thus, to survive this motion to dismiss,

6   Plaintiff was required to plead facts demonstrating that UBH and UHS were acting as fiduciaries

7   in processing Plaintiff's request for coverage and applying the unambiguous IBT exclusion in the

8   Wipro Plan.  Plaintiff did not satisfy this requirement.

9           There are two ways that a party can be a fiduciary with respect to actions performed under

10   an ERISA Plan.  First, the plan instrument can identify the party as the "named fiduciary" for that

11   purpose, which the Wipro Plan does not do for UHS or UBH.  *See Depot, Inc. v. Caring for

12   Montanans, Inc.*, 915 F.3d 643, 653-54 (9th Cir.) (citing 29 U.S.C. § 1102(a)(2)).  Second, a party

13   may be a "functional" fiduciary with respect to a plan to the extent (i) it "exercises any

14   *discretionary authority* or *discretionary control* respecting management of such plan or exercises

15   any authority or control respecting management or disposition of its assets" or (ii) has

16   *discretionary authority* or *discretionary responsibility* in the administration" of the plan.  *Id.*

17   (emphasis added) (quoting § 1002(21)(A)) (affirming dismissal of breach of fiduciary duty claim

18   where defendants were not exercising a fiduciary function when taking the action subject to the

19   complaint).

20           In contrast, administrative or ministerial functions that do not involve discretionary

21   authority or discretionary control are not fiduciary in nature.  *See Cent. Valley Ag Coop. v.

22   Leonard*, 400 F. Supp. 3d 819, 833 (D. Neb. 2019) ("Persons who provide professional services

23   to plan administrators 'are not ERISA fiduciaries unless they "transcend the normal role" and

24   exercise discretionary authority.'") (quoting *Johnston v. Paul Revere Life Ins. Co.*, 241 F.3d 623,

25   632 (8th Cir. 2001)).  The DOL and several courts have confirmed that persons performing

26   administrative functions such as applying the rules determining eligibility for participation or

27   benefits "within a framework of policies, interpretations, rules, practices and procedures made by

28   other persons" are not acting in a fiduciary capacity.  *See* 29 C.F.R. § 2509.75-8, D-2; *Gelardi v.*

*Pertec Computer Corp.*, 761 F.2d 1323, 1325 (9th Cir. 1985) (claims administrator does not "exercise fiduciary responsibilities in the consideration of claims" if it "performs only administrative functions, processing claims within a framework of policies, rules, and procedures established by" the employer), *overruled on other grounds in Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202 (9th Cir. 2011); *Kyle Railways, Inc. v. Pac. Admin. Servs., Inc.*, 990 F.2d 513, 516 (9th Cir. 1993) ("[T]hird party administrators like Pacific are not fiduciaries under ERISA when they merely perform ministerial duties or process claims."). Rather, "it is a person's ability to make policy decisions outside of a pre-existing or separate framework of policies, practices and procedures which saddles that person with Erisa fiduciary liability." *Munoz v. Prudential Ins. Co. of Am.*, 633 F. Supp. 564, 568 (D. Colo. 1986).

### 2. Neither UBH Nor UHS Exercised Discretionary Authority Or Control Over Processing Plaintiff's Request For Coverage Under The IBT Exclusion In The Wipro Plan.

Plaintiff's claims do not arise out of fiduciary acts by UBH and UHS. Rather, Plaintiff challenges UBH's ministerial function in applying the plain language of the IBT exclusion in the Wipro Plan, which was selected and controlled by Wipro.

Plaintiff does not dispute that neither UBH nor UHS is designated as a named fiduciary in the Plan (*see* 29 U.S.C. § 1102(a)). Wipro decided the terms of its Plan. Warner Decl. Ex. A at 126; Ex. B at 127; Ex. C at 126; Ex. D at 131. Wipro alone retained the right to modify, change, revise, amend or terminate the Plan at any time, for any reason, and without prior notice. Warner Decl. Ex. A at 2; Ex. B at 2; Ex. C at 1; Ex. D at 1. And, Wipro was solely responsible for paying benefits described in the SPD.[4] Warner Decl. Ex. A at 2; Ex. B at 2; Ex. C at 1; Ex. D at 1.

---

[4] UHS and UBH's role as third party claims administrator under the self-funded Wipro Plan is in stark contrast to the role of a traditional insurance company that designs and funds a health benefit plan. *See Smith v. Univ. of S. California*, No. LA CV18-06111-JAK (AFMx), 2019 WL 988681, at *3 (C.D. Cal. Jan. 22, 2019) ("[Third party administrator is not a proper defendant [to a fiduciary duty claim] if it did not have or exercise any discretionary authority or control while carrying out its duties."). *Cf. Kyle Rys., Inc. v. Pac. Admin. Servs., Inc*., 990 F.2d 513, 518 (9th Cir. 1993) ("[A]n insurer will be found to be an ERISA fiduciary if it has the authority to grant, deny, or review denied claims").

Plaintiff alleges no facts to support a claim that either UHS or UBH had any discretionary authority or control with respect to whether or how to apply the IBT exclusion chosen by Wipro. With respect to UHS, Plaintiff makes no attempt to connect any act (discretionary or otherwise) by UHS to the conduct alleged in this case.  The Complaint is devoid of any facts to support the assertion that UHS acted in a fiduciary capacity with respect to the decision to deny coverage to Plaintiff based on the IBT exclusion in the Wipro Plan.

Turning to UBH, Plaintiff's entire case is based on the allegation that UBH engaged in the ministerial act of processing Plaintiff's claim based on the Wipro Plan as written.  "[E]ven if [UBH] is a de facto fiduciary with respect to some of its services under the Plan, it cannot commit a breach of fiduciary duty through non-discretionary application of a Plan rule that it does not interpret or otherwise control."  *See Easter v. Cayuga Med. Ctr. at Ithaca Prepaid Health Plan*, 217 F. Supp. 3d 608, 638 (N.D.N.Y. 2016) (dismissing action where defendant's receipt of and response to claims were "ministerial functions" precluding liability for breach of fiduciary duty). Based on Plaintiff's own allegations, UBH processed Plaintiff's request for IBT treatment under the rule established by Wipro in the Wipro Plan, specifically the exclusion for IBT services.  *See Gelardi*, 761 F.2d at 1325.  Here, because UBH and UHS exercised no discretion in interpreting the Wipro Plan or assessing Plaintiff's request for coverage outside of the preexisting unambiguous exclusion for IBT services, UBH and UHS cannot be saddled with fiduciary liability for applying the Wipro Plan terms as stated.[5]

Further, Plaintiff's conclusory allegations that UHS and UBH were ERISA fiduciaries do not save her claims from dismissal (see Compl. ¶¶ 7, 9, 19-21, 34-36, 46-47).  "[C]onclusory

---

[5] While the Ninth Circuit has affirmed a beneficiary's ability to sue a third party claims administrator for denial of benefits under 29 U.S.C. §1132(a)(1)(B), Plaintiff has not brought such a claim here.  *See Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202, 1207 (9th Cir. 2011) (en banc) (holding that beneficiary could sue ERISA plan insurer for denial of benefits under 29 U.S.C. §1132(a)(1)(B), even though insurer was not the plan or plan administrator); *Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.*, 770 F.3d 1282, 1288-91 (9th Cir. 2014) (holding that assignee of patients' claims for payment of benefits had Article III standing to bring denial of benefits claims).  Plaintiff chose to pursue only a claim for breach of fiduciary duty under 29 U.S.C. §1132(a)(1)(B), which requires a showing that the third party claims administrator was acting in a fiduciary capacity with respect to the acts challenged under ERISA.

allegations" that a defendant exercised "discretionary authority with respect to management and administration of the plans" are insufficient on their face to support fiduciary status.  *See In re JDS Uniphase Corp. ERISA Litig.*, 2005 WL 1662131, at *2; *In re Reliant Energy ERISA Litig.*, 336 F. Supp. 2d 646, 658 (S.D. Tex. 2004) ("bare allegation" of fiduciary status held insufficient to state a claim for breach of fiduciary duty); *In re JPMorgan Chase & Co. Erisa Litig.*, No. 12 CIV. 04027 (GBD), 2016 WL 110521, at *3 (S.D.N.Y. Jan. 8, 2016) ("conclusory allegation that JPMorgan was such a fiduciary because 'it has discretionary authority and control regarding the administration and management'" of plan assets held "insufficient to state a claim against a purported ERISA fiduciary").  Rather, to satisfy Rule 8's pleading requirements, Plaintiff must identify the specific discretion or decision-making authority that each Defendant had with respect to the alleged breaches of fiduciary duty at issue.  *In re JDS Uniphase Corp. ERISA Litig.*, 2005 WL 1662131, at *2 ("To determine whether plaintiffs have sufficiently alleged defendants' status as ERISA fiduciaries, the court must discern from other portions of the complaint the functions that the various defendants allegedly performed").  Plaintiff failed to do so, and therefore, has failed to state a claim for breach of fiduciary duty against UHS or UBH.

**B.      Counts II and III (Plaintiff's Equitable Claims) Should Be Dismissed Because Plaintiff States No Predicate Violation of ERISA.**

By Counts II and III, Plaintiff seeks injunctive or other equitable relief under 29 U.S.C. § 1132(a)(3) "only to the extent that the Court finds that the injunctive relief [or equitable relief] available pursuant to 29 U.S.C. § 1132(a)(1)(B) is inadequate to remedy the violations alleged in Count I."  Compl. ¶¶ 65, 69.  These counts fail because Plaintiff has not pled a predicate violation of ERISA.  The U.S. Supreme Court has recognized that 29 U.S.C. § 1132(a)(3) "does not . . . authorize appropriate equitable relief at large, but only appropriate equitable relief for the purpose of redress[ing any] violations or . . . enforc[ing] any provisions of ERISA or an ERISA plan." *Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 246 (2000) (internal quotations and citations omitted).  Here, as discussed above, Plaintiff fails to state a plausible claim for breach of fiduciary duty against UBH (Count I) under 29 U.S.C. §1132(a)(1)(B).  Because there can be no equitable or injunctive relief regarding these claims without a properly

pled underlying claim, Counts II and III should also be dismissed.

**C.      The Complaint Fails To Allege Facts Or Grounds To Support A Prayer For Reprocessing Remedies Under Counts II, III And IV, Or Prospective Injunctive Relief As To All Counts.**

**1.      ERISA Does Not Support Plaintiff's Prayer For Reprocessing As To Counts II, III And IV.**

Plaintiff's prayer for relief for reprocessing should be dismissed as to Counts II, III and IV because reprocessing is not an available remedy under 29 U.S.C. § 1132(a)(3).  Reprocessing is a form of retrospective injunctive relief available under § 1132(a)(1)(B), whereby the court orders an ERISA administrator to "determine what benefits [plaintiffs] are entitled to and under what conditions" based on the terms of the plan as written.  *Vizcaino v. Microsoft Corp.*, 120 F.3d 1006, 1013-14 (9th Cir. 1997) (discussing reprocessing as a § 1132(a)(1)(B) remedy, and explaining "it is the terms of the [plan] which control"); *Pannebecker v. Liberty Life Assurance Co. of Bos.*, 542 F.3d 1213, 1221 (9th Cir. 2008) (describing reprocessing under *Saffle* as "remand to the administrator to apply the terms correctly in the first instance").

Multiple courts have held that reprocessing is not available under § 1132(a)(3). *Chorosevic v. MetLife Choices*, No. 4:05-CV-2394 CAS, 2009 WL 723357, at *11 (E.D. Mo. Mar. 17, 2009), *aff'd*, 600 F.3d 934 (8th Cir. 2010) (dismissing request for reprocessing under § 1132(a)(3) because "[t]his claim for reprocessing . . .  is precisely what the Supreme Court disallowed under § 1132(a)(3)"); *Craft v. Health Care Serv. Corp.*, No. 14 C 5853, 2016 WL 1270433, at *6 (N.D. Ill. Mar. 31, 2016) (same); *Fairview Health Servs. v. Ellerbe Becket Co. Employee Med. Plan*, No. CIV.06-2585(MJDAJB), 2007 WL 978089, at *6 (D. Minn. Mar. 28, 2007) (same).  This is because a "claim for reprocessing of benefits is essentially a request for an injunction to enforce a contractual obligation to pay money past due," which the U.S. Supreme Court disallowed in *Great-West* as a form of legal and not equitable restitution under § 1132(a)(3).  *See Chorosevic*, 2009 WL 723357, at *11 (citing *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 212, 218 (2002)).

Plaintiff seeks reprocessing as to all Counts, but this prayer must be limited to Count I only.  Because Plaintiff brings Counts II, III and IV under §1132(a)(3), her prayer for

1  reprocessing must be dismissed as to these Counts.[6]

2  ### 2.   Plaintiff Lacks Standing To Pursue Her Prayer For Prospective Injunctive Relief.

3
4  Plaintiff's prayer for prospective injunctive relief should be dismissed as to all Counts

5  since the Wipro Plan no longer includes the exclusion for IBT services.

6  Plaintiff's Prayer for Relief ¶ D seeks a permanent injunction to prevent Defendants from

7  enforcing "the IBT exclusions at issue" in the Complaint.  Compl. at 17, ¶ D.

8  "To establish standing for prospective injunctive relief, a plaintiff must demonstrate that

9  he or she has suffered or is threatened with a concrete and particularized legal harm coupled with

10  a sufficient likelihood that he or she will again be wronged in a similar way." *Backhaut v. Apple,*

11  *Inc.*, 2015 WL4776427, at 8 (N.D. Cal. Aug. 13, 2015).  To demonstrate a sufficient likelihood of

12  repeated harm, a plaintiff must demonstrate a "real and immediate threat of repeated injury."

13  *O'Shea v. Littleton*, 414 U.S. 488 496 (1974).  An ERISA fiduciary lacks standing to pursue

14  prospective injunctive relief where the ERISA fiduciary has already voluntarily ceased the

15  practices challenged.  *Des Roches v. Cal. Physicians Serv.*, 320 F.R.D. 486, 510-511 (N.D. Cal.

16  2017) (no standing to pursue prospective injunction under ERISA where Defendants voluntarily

17  ceased use of challenged behavioral healthcare guidelines); *see also Craft*, 2016 WL 1270433, at

18  *3-4 (N.D. Ill. Mar. 31, 2016) (holding plaintiffs did not establish injury in fact to challenge new

19  benefit guidelines enacted after plaintiffs' claims were denied).

20  As of January 1, 2020, the IBT exclusion is no longer in the Wipro Plan.  Plaintiff has

21  not—and cannot—allege facts to demonstrate a "sufficient likelihood" that it will be applied to

22  her or John Doe at any time in the future.  Plaintiff cannot allege facts to demonstrate, as she

23  must, that in the absence of an injunction, Plaintiff faces a "real or immediate threat that [they]

24  will be wronged again." *Hynix Semiconductor Inc. v. Rambus Inc.*, 609 F. Supp. 2d 951, 968

25  (N.D. Cal. 2009) (the element of irreparable injury "cannot be met" in the absence of such an

---

26  [6] Defendants contend that if Count I is permitted to proceed, Plaintiff also will not be able
27  to prevail on her prayer for reprocessing as to Count I.  Since Plaintiff never pursued IBT
treatment for her son or expended any out of pocket costs for that treatment, and the IBT
28  exclusion is no longer operative, there will be nothing to reprocess as to Plaintiff.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-16-   DEFENDANTS UBH AND UHS MOTION TO DISMISS
COMPLAINT; CASE NO. 4:19-CV-07316-YGR

1   affirmative showing) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111(1983).  Plaintiff

2   cannot show a threat of future harm based on past practices that have already changed.  Thus,

3   Plaintiff has not alleged facts to support her prayer for prospective injunction, and that prayer

4   should be dismissed.

5                                    **<u>CONCLUSION</u>**

6           For the foregoing reasons, Defendants respectfully request that the Court grant

7   Defendants' Motion and dismiss Plaintiff's Complaint.

8   Dated:          January 30, 2020          CROWELL & MORING LLP

9

10                                   By:_____/s/ Jennifer S. Romano_____

11                                            Jennifer S. Romano
                                             Kristin J. Madigan
12                                           Kimberley M. Johnson

13                                           Attorneys for Defendant
                                  UNITED BEHAVIORAL HEALTH and UNITED
14                                     HEALTHCARE SERVICES, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28