PSYCH-APPEAL, INC.
Meiram Bendat (Cal. Bar No. 198884)
8560 West Sunset Boulevard, Suite 500
West Hollywood, CA 90069
Tel: (310) 598-3690, x 101
Fax: (888) 975-1957
mbendat@psych-appeal.com

ZUCKERMAN SPAEDER LLP
D. Brian Hufford (admitted *pro hac vice*)
Jason S. Cowart (admitted *pro hac vice*)
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
dbhufford@zuckerman.com
jcowart@zuckerman.com

ZUCKERMAN SPAEDER LLP
Caroline E. Reynolds (admitted *pro hac vice*)
1800 M St., NW, Suite 1000
Washington, DC 20036
Tel: (202) 778-1800
Fax: (202) 822-8106
creynolds@zuckerman.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| JANE DOE, as the representative of her minor son,<br><br>Plaintiff,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH and UNITED HEALTHCARE SERVICES, INC.,<br><br>Defendants. | Case No. 4:19-cv-07316-YGR<br><br><br><br>**NOTICE OF RECENT AUTHORITY**<br><br><br>Hon. Yvonne Gonzalez Rogers |

TO THE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to Civil Local Rule 7-3(d)(2),[1] Plaintiff Jane Doe submits this Notice of Recent Authority to bring to the Court's attention the following authority, which was filed after briefing was completed on the pending cross-motions for summary judgment in this case: Brief of the Secretary of Labor, as Amicus Curiae Supporting Plaintiff-Appellant, *N.R. v. Raytheon Co., et al.*, No. 20-1639 (1st Cir. Oct. 7, 2020), attached hereto as Exhibit A. This legal authority is germane to Plaintiff's Motion for Partial Summary Judgment (ECF No. 48) (filed June 1, 2020) and to the arguments advanced in Plaintiff's Reply in Support of her Motion for Partial Summary Judgment and Opposition to Defendants' Motion for Partial Summary Judgment (ECF No. 58) (filed July 13, 2020) and by Plaintiff's counsel at the summary judgment hearing on August 18, 2020. The amicus brief explains, in relevant part, the Department of Labor's position that because plan exclusions that violate the Employee Retirement Income Security Act of 1974 ("ERISA") are void and unenforceable as a matter of law, Ex. A at 14-17, 21, ERISA "fiduciaries *always* retain a duty under the statute to disregard plan terms that are inconsistent with statutory requirements." *Id*. at 20 (original emphasis); *see also id.* (arguing that "neither plan administrators nor courts can properly resolve benefit claims without regard to ERISA's provisions, because ERISA specifies that plan terms are operative only to the extent that they 'are consistent with' the statutory provisions" (citing 29 U.S.C. § 1104(a)(1)(D)).

Dated: January 5, 2021             ZUCKERMAN SPAEDER LLP

s/ Caroline E. Reynolds
D. Brian Hufford (admitted *pro hac vice*)
Jason S. Cowart (admitted *pro hac vice*)
Caroline E. Reynolds (admitted *pro hac vice*)

PSYCH-APPEAL, INC.
Meiram Bendat (Cal. Bar No. 198884)

*Counsel for Plaintiff*

---

[1] Plaintiff acknowledges that Local Rule 7-3(d)(2) refers specifically to "a relevant judicial opinion." Nevertheless, Plaintiff believes that the Department of Labor's interpretation of ERISA, as explained in its amicus brief, is sufficiently significant and relevant that the brief may be helpful to the Court.

NOTICE OF RECENT AUTHORITY
CASE NO. 4:19-cv-07316-YGR